DECISION
This case is now before the court on written submissions. The parties disagree as to the application of ORS 308.156 to the partitioning of multiple pieces of land. These cases were filed as follows:

Appeal Account Tax Lot Map Color
070343B 123521 151316AD00100 Green
070344B 123189[1] 151315BC00301 Orange
070345B 122991 151315CB00300 Yellow

 I. STATEMENT OF FACTS
The parties agree to the following facts:[2]
1. Plaintiff's property is located in Redmond, Oregon and lies east of the Burlington-Northern Railroad tracks, south of U.S. Highway 126, and north of Lake Road. The total acreage of the subject property is 36.7 acres. *Page 2 
2. Attached as Exhibit "A" was a color-coded map delineating the three tax lots or accounts that are the subject of this appeal. The green is Tax Account 15-13-16AD-100. The orange is Tax Account 15-13-15BC-301. The yellow is Tax Account 15-13-15CB-300. The yellow coded tax account does not include what are shown as Parcels 1 and 3 of Partition Plat No. 2005-085, which have been assigned separate tax account numbers 100, 200.
3. Historically, these properties consisted of a number of separate tax accounts. The green portion had been three tax lots; lots 100, 101 and 102, Map 15-13-16AD. The orange portion had been three tax lots; lots 300, 301 and 302, Map 15-13-15BC. The yellow portion had been one tax lot; lot 200, Map 15-13-15.
4. The Plaintiff's property is legally described as Parcel 2 of Partition Plat No. 2005-085 and is one legal lot of record, but consists of three separate tax accounts. Attached as Exhibits "B", "C" and "D" were the Assessor's Maps showing each of the above-referenced tax lot maps and the assessor's information relating to each separate account.
5. In 2005, the Plaintiff partitioned its property, creating three parcels in their current configuration. Attached as Exhibit "E" was a copy of Partition Plat No. 2005-085. This shows the Plaintiff's property, which is described as Parcel 2, consisting of approximately 36.7 acres.
6. Following the partitioning of the property in 2005, the Deschutes County Assessor's Office, pursuant to ORS 308.156, reappraised the property based on real market value. Each separate tax account had been reappraised separately by the Assessor's Office. The green parcel (Account 15-13-16AD-100) had been valued at $3.91 per square foot. The orange parcel (Account 15-13-15BC-301) had been valued at $2.76 per square foot. The yellow parcel (Account 15-13-15CB-300) had been valued at $4.66 per square foot. The reappraisals were done using comparable sales based upon the acreage of each of the three separate tax accounts. *Page 3 
7. The Plaintiff did file an appeal with the Board of Property Tax Appeals in Deschutes County. Plaintiff also had an appraisal performed on the property by Dana L. Bratton, M.A.I. The appraisal was for the entirety of Plaintiff's property, being Parcel 2 of Partition Plat No. 2005-085. The land value was determined to be $2.75 per square foot.
8. Based upon the appraisal being submitted, the Deschutes County Assessor's Office did agree to assess the entirety of Plaintiff's property at $2.75 per square foot. The real market value for each separate tax account was recalculated based upon the assessed value of $2.75 per square foot (Exhibits "E", "F", and "G").
9. However, even with this readjustment of values to $2.75 per square foot, there has been a substantial increase over what had been the assessed value for each of the three separate tax accounts.
10. The real market value of the land only, based on $2.75 per square foot, was determined to be $4,396,265.00.
11. Prior to the 2005 partition, the total assessed value (land and improvements) of the yellow parcel was $543,610.00. The assessed value of the orange parcel was $824,540.00. The assessed value of the green parcel was $298,350.00. Prior to the partition, the assessed value of the parcels totaled $1,666,500.00.
12. Plaintiff's property tax bills from the 2006-07 real property tax statement went from a total $29,734.33 to $70,450.95. The 2006-2007 tax statement included $4,284.01 in real property taxes associated with Tax Lot 151315CB00100, purchased by Scott C and Lynette R Van Nevel on or about March 27, 2006. That tax lot is not included in this appeal. The latter figure will be adjusted based upon the reappraisal of the property at $2.75 per square foot for the properties included in this appeal. However, there has still been a very substantial increase in Plaintiff's real property taxes. *Page 4 
In their written arguments, the parties agreed to certain other facts.[3] They include the following material items:
13. The entire land included in the 2005-85 partition was originally Parcel 2 of the 1988 partition 87-004.
14. There was an error in square footage for Tax Lot 151315BC00301. The correct amount is 22.57 acres.
15. If all three tax lots are subject to reappraisal, the 2006-07 values on Tax Lot 151315BC00301 should be increased to $2.7 million real market value and $1,544,400 for both maximum assessed value and assessed value.
 II. ISSUE PRESENTED
How much of the subject property is subject to the reappraisal due to the partitioning of the land? Is it one tax lot (yellow) or all three (yellow, green and orange)?
 III. ANALYSIS
ORS 308.156(1)[4] is critical to this situation. In material part, it provides:
 "If property is subdivided or partitioned after January 1 of the preceding assessment year and on or before January 1 of the current assessment year, then the property's maximum assessed value shall be established as provided under this section."
Plaintiff claims the "property" involved in the 2005 partition was only Tax Lot 300 (the yellow part of the map) and no more. It contends that "only property within a single tax account" is subject to the reappraisal mandated by ORS 308.142(1). (Ptf's Br at 3.) In support, Plaintiff *Page 5 
relies on ORS 308.142(1) which provides that "`[P]roperty' means: (a) [a]ll property included within a single property tax account[.]"
Defendant disagrees. It focuses on the "entire land" that is more expansive than the view taken by Plaintiff.
Here, the subject property is one legal entity with several tax lots and many tax accounts. To provide guidance, the Oregon Department of Revenue has promulgated an administrative rule. That Rule is on point. OAR 150-308.156(5)(A)(1) defines property "affected" by a partition as "[t]he entire land that was subdivided or partitioned into smaller lots or parcels, if any." This contemplates all of the land that was partitioned into smaller lots; all of that land was the entirety of Parcel 2. And all three tax lots were "affected" by the partition. This court has examined similar cases in the past. In Banks v. MultnomahCounty Assessor, TC-MD No 000349E (July 31, 2000), it was been held that:
 "[W]hen a property is subdivided or partitioned, the whole parcel is considered affected by the division. OAR 150-308.156(5)(A)(1). As a result, the MAV is based on the real market value of the property multiplied by the CPR [change property ratio]. ORS 308.156(5)(b)."
In these appeals, a preponderance of the evidence is required to sustain the burden of proof. That burden of proof shall fall upon the party seeking affirmative relief. ORS 305.427. Plaintiff has not met that statutory requirement in this record.
Defendant's reappraisal of all three accounts was mandated by the statutes and accompanying administrative rules. *Page 6 
 IV. CONCLUSION
After considering the evidence, Plaintiff's arguments are inconsistent with the Oregon Administrative Rule. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied; and
IT IS FURTHER DECIDED THAT Defendant shall take actions to increase the 2006-07 values on Tax Lot 151315BC00301 to $2.7 million real market value and $1,544,400 for both maximum assessed value and assessed value.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February13, 2008. The Court filed and entered this document on February 13,2008.
Dated this _____ day of February 2008.
[1] On Account 123189, Defendant filed a Cross-Complaint on April 25, 2007. For consistency and ease of reference, Fred Hodecker, Inc. will be referred to as "Plaintiff" and the Deschutes County Assessor as "Defendant." These designations are consistent with the terms used in the initial stipulation of facts and subsequent briefs.
[2] Stipulated Facts filed August 10, 2007. The form and style of the Statement of Facts here are per the original Stipulated Facts filed by the parties.
[3] See Order filed November 20, 2007 and Plaintiff's reply filed November 29, 2007.
[4] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2005. *Page 1